In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00119-CR


______________________________




ADRIAN LEE PICKINGS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the County Court at Law


Bowie County, Texas


Trial Court No. 08M0712-CCL




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 A jury found Adrian Lee Pickings guilty of the misdemeanor offense of interfering with the
duties of a public servant. See Tex. Penal Code Ann. § 38.15 (Vernon Supp. 2008). The
punishment assessed was a fine of $2,000.00. In this appeal, Pickings alleges that a variance
between the charging instrument and the evidence requires a finding that the evidence is legally and
factually insufficient to support the verdict. We affirm the judgment of the trial court.

I. Facts

 Jay Hedges, an officer with the Hooks Police Department, was patrolling on the evening of
February 9, 2008, when he observed a vehicle in which the driver failed to signal an intention to turn
within 100 feet of an intersection. For this traffic offense, Hedges stopped the vehicle, which was
being driven by Adrian's mother, Hazel Pickings, and in which Adrian was a passenger. The
occupants of the vehicle (Hazel, Adrian, and an unknown third party) emerged from the vehicle and
refused Hedges' direction to remain seated in the vehicle. Hazel refused to provide Hedges her
driver's license information, and Adrian told Hedges he did not have to provide a m--f-- thing.
Hedges then called for assistance from other officers. By that time, Hazel was cursing Hedges;
neighbors hearing the commotion began to gather. Hedges then stated, "I told her she is [was] going
to be placed under arrest for disorderly conduct." 

 Q. So, you decided to arrest Ms. Pickings?

 A. Yes, ma'am.

About that same time, Officer Rickey Steward arrived on the scene and attempted to put handcuffs
on Hazel when Adrian stepped in front of Steward, extended his arm, and said that she would not
be arrested. Hedges then grabbed Adrian by the arm and told him he was under arrest for
interference with a public servant's duties. 

II. Variance

 The information alleged that Adrian did 

 then and there while Officer Hedges, a peace officer, was performing a duty or
exercising authority imposed or granted by law, to wit: ATTEMPTING TO EFFECT
AN ARREST, with criminal negligence, interrupt, disrupt, impede or interfere with
the said OFFICER HEDGES by STEPPING IN FRONT OF THE OFFICER AS
OFFICER WAS ATTEMPTING TO EFFECT AN ARREST.


In this appeal, Adrian concedes that he interfered with Steward's efforts to arrest his mother, but
denies he interfered with Hedges while he was exercising his authority imposed or granted by law. 
He contends that this variance between the allegations in the charging instrument and the evidence
at trial constitutes a material variance that renders the evidence insufficient to sustain the jury's
verdict. We disagree. 

 A person commits an offense if the person, with criminal negligence, interrupts, disrupts,
impedes or otherwise interferes with a peace officer while the peace officer is performing a duty or
exercising authority imposed or granted by law. Tex. Penal Code Ann. § 38.15.

 It is undisputed that Hedges was a peace officer performing a duty or authority granted by
law at the time in question and that Adrian interfered with the arrest of his mother. The only issue
presented is whether such actions only interfered with Steward rather than Hedges' performance of
such duty. 

 Hedges was the peace officer who stopped the vehicle that Hazel was driving and in which
Adrian was a passenger. After their refusal to present their driver's licenses, Hedges asked for
additional assistance. Based on her actions, Hedges advised Hazel that she would be placed under
arrest for disorderly conduct. The backup officer attempted to place the handcuffs on Hazel when
Adrian prevented such action until he was arrested by Hedges.

 The action that constitutes criminal conduct in this statute is interrupting, disrupting, or
impeding the peace officer doing his duties, one of which includes the authority to arrest. Hedges
was the officer who had observed all of the events that evening, including the refusal of Hazel and
Adrian to obey the command to remain in the vehicle and to provide identification, cursing the
officer, and the gathering of others watching this disturbance. Based on these facts, Hedges advised
Hazel that she would be placed under arrest, and Steward then attempted to take her into custody by
placing handcuffs on her when Adrian interfered. The gravamen of the offense is the interference
with Hedges' performing of a duty or his authority granted by law. It does not matter for purposes
of criminal liability how Adrian did it so long as the effect of Adrian's conduct interfered with
Hedges' performance of his lawful duties. The issue is whether Pickings' actions impeded Hedges'
attempt to effect an arrest. The precise manner that Pickings used to accomplish this is simply a
manner or means and is not the gravamen of the offense. (1) Whether Adrian stepped in front of
Officer Steward rather than Officer Hedges is not the important consideration; whether such action
impeded Hedges' announced intention to effect an arrest of Hazel is the issue. Even though it was
Steward who actually attempted to place the handcuffs on Hazel when the interference occurred, this
action impeded and interfered with the lawful duty that Hedges had already expressed--to arrest
Hazel. Only Hedges had the factual information that supported the decision to arrest; he was the
initial officer on the scene and was the only officer with personal knowledge of a violation of the law
which would authorize the arrest. Steward was merely assisting in the arrest that Hedges had already
announced. The evidence supports the jury finding that Adrian's actions impeded or interfered with
Hedges' attempt to effect an arrest of Hazel. We find that the evidence does not show a variance
between the charging instrument and the evidence presented. The point of error is overruled.

 We affirm the judgment of the trial court.


 Jack Carter

 Justice


Date Submitted: October 16, 2008

Date Decided: November 12, 2008


Do Not Publish
1. In this case, the manner or means alleged was "by stepping in front of the officer as officer
was attempting to effect an arrest." Generally, adverbial phrases, introduced by the preposition "by"
describe  the  manner  and  means  of  committing  the  offense.  They  are  not  the  gravamen  of
the offense. Stuhler v. State, 218 S.W.3d 706, 718 (Tex. Crim. App. 2007)
.